## SMALLEY vs. ERICSON.

*Reversal of judgment.*

A judgment of the circuit court reversing a judgment of a justice of the peace, in a case properly tried by the former court upon the justice's return alone, is here affirmed upon the ground that the justice's judgment is contrary to the evidence.

· APPEAL from the Circuit Court for *Manitowoc* County.

The action was brought before a justice of the peace to recover twelve dollars, the price of a scraper sold by the plaintiff to the defendant.  The answer consists of a general denial, and a counterclaim for the price of a saddle, bridle and martingales, alleged to be of the value of $16, and four dollars damages for the use of the same.  The defendant recovered twelve dollars before the justice on his counterclaim, and the plaintiff appealed.  The circuit court heard the case on the return, reversed the judgment of the justice, and gave judgment for the plaintiff for the price of the scraper.  On appeal to this court, the judgment of the circuit court was reversed, on the ground that the latter court could only affirm or reverse the judgment of the justice, and the case was remanded for judgment in conformity with that view.  36 Wis., 302.  The circuit court thereupon rendered judgment reversing the judgment of the justice, with costs.

This appeal is by the defendant from the judgment of the circuit court.

The cause was submitted on the briefs of *H. G. & W. J. Turner* for the appellant, and that of *L. J. Nash* and *P. J. Smalley* for the respondent.

LYON, J.  The undisputed testimony is that the plaintiff sold the defendant a scraper for twelve dollars, and that the same has not been paid for.  The plaintiff should therefore be allowed that sum in this action.  The highest estimate of the property described in the counterclaim of the defendant is sixteen dollars, and that is the defendant's own estimate.  The claim for compensation for the use of said property relates to a time when it is alleged the plaintiff owned the same.  Of course, if the plaintiff was such owner, he is not liable to pay for the use of the property.  Hence, in the most favorable view for the defendant, he was only entitled to recover four dollars — that is, sixteen dollars less the price of the scraper.

But the evidence is overwhelming that if the defendant ever parted with the title to the property described in the counterclaim, he transferred the same to a son of the plaintiff, and not to the plaintiff.  It appears that the son kept the saddle at the plaintiff's barn, and the plaintiff made some use of it.  There is no evidence in the case tending to show that the plaintiff is liable for the bridle and martingales, or that he used them.  The only evidence which can, with any show of reason, be claimed as tending to prove that the plaintiff is liable to pay for the saddle, is the testimony of the defendant to the effect that plaintiff promised to settle for it.  The highest value set upon the saddle by any witness (and that was by the defendant) is ten dollars.  Conceding that the plaintiff promised to settle for the saddle (which he denied in his testimony), and conceding that such promise binds the plaintiff to pay for it (which, to say the least, is very doubtful), still the plaintiff is entitled to a judgment for two dol-

lars at least. Furthermore, if the plaintiff is not liable to pay for the saddle, he can only be charged four dollars for the use of it, and in that case he is entitled to a judgment for eight dollars.

Hence, in any view of the case, the defendant was not entitled to a judgment, and the judgment of the justice in his favor was properly reversed.

It is objected that the judgment of the circuit court is defective in that it is merely a judgment for costs; but looking into the record we find a formal judgment of reversal signed by the judge.

*By the Court.* — Judgment affirmed.